## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | | |
|---|---|---|
| Marvin Shane Blanchard | ) | **CASE NO. 4:11-cv-00476-JEG-RAW** |
| Plaintiff, | ) | |
| | ) | **MOTION FOR ENTRY OF DEFAULT** |
| | | **JUDGMENT AGAINST DEFENDANTS** |
| v. | ) | **DORSEY, THORNTON &** |
| | | **ASSOCIATES, LLC; AND MICHAEL** |
| | | **THORNTON** |
| Dorsey, Thornton & Associates, LLC et al | ) | |
| Defendants. | | |

COMES NOW Marvin Shane Blanchard, plaintiff in the above matter, by and through his attorney, Paul D. Gandy, pursuant to Fed.R.Civ.P 55, and apply to this court to enter default judgment in favor of plaintiff and against defendants **DORSEY, THORNTON & ASSOCIATES, LLC** and **MICHAEL THORNTON** granting all relief requested in plaintiff's complaint on the ground that, without excuse, these defendants have failed to answer or otherwise defend as to the complaint of the plaintiff.

In support of this motion plaintiff provides a copy of the complaint attached hereto as Exhibit 1, and as Exhibits 2 and 3, attach Affidavits of No Answer for defendants Dorsey, Thornton &Associates, LLC; and Michael Thornton respectively. Each of these exhibits is incorporated as a part of this motion.

Plaintiff further requests that the court schedule and proceed with such referrals or hearings as needed to determine the amount of damages to be awarded in this case.

WHEREFORE, plaintiff requests that the court enter an order to the Clerk of Court to file a judgment by default against the named defendants, set the matter for hearing on the issue of damages, and for such other relief as is just and proper in the circumstances.

Respectfully submitted,

by     */s/ Paul D. Gandy*
Paul D. Gandy
IS9999049
GANDY LAW OFFICES, P.C.
500 North 3rd St, Ste. 111
Fairfield, Iowa 52556
Telephone: (641) 472-7762
Facsimile: (641) 472-7732
E-mail: pgandy@gandylawoffices.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that the forgoing document was served by electronic transmission or by first class mail upon the following on or by December 15, 2011.

Michael Thornton
c/o Dorsey, Thornton & Associates, LLC
2482 Briarcliff Rd
Ste 22-111
Atlanta, GE 30329

Michael Thornton, Authorized Agent
Dorsey, Thornton & Associates, LLC
7302 Basalt Dr.
Union City, GA 30291

Michael Thornton
7302 Basalt Dr.
Union City, GA 30291

by    */s/ Paul D. Gandy*
GANDY LAW OFFICES, P.C.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| Marvin Shane Blanchard | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | **CASE NO.** _____ |
| v. | ) | |
| Dorsey, Thornton & Associates, LLC; | ) | **JURY TRIAL DEMANDED** |
| Michael Thornton, Brittney Hall, | ) | |
| Paula Williams, Shinetta Terriquez | ) | |
| and Mary Doe a/k/a "Agent Davis" | ) | |
| Defendants. | ) | |

**EXHIBIT**

_1_

COMES NOW Marvin Shane Blanchard, plaintiff in the above matter, by and through his

attorney, Paul D. Gandy, and in support of this **Complaint** respectfully state and allege as

follows:

### JURISDICTION, PARTIES, AND VENUE

1.      This is an action under:

    a)      the Fair Debt Collection Practices Act, 15 USC § 1692 et seq. ("FDCPA");

    b)      the US Bankruptcy Code, 11 USC § 524;

c)       the Iowa Debt Collections Practices Act, Iowa Code § 537.7101 et seq.

("IDCPA"); and

d)       the Iowa common law right to privacy set forth in *Yoder v. Smith,* 112 N.W. 2d

*862 (Iowa 1962)* and *Winegard v. Larsen,* 260 N.W. 2d 816 (Iowa 1977*).*

2.       This court has subject matter jurisdiction in this matter according to 28 USC § 1331,

pursuant to 15 USC § 1692k(d), under 11 USC § 105(a), and pursuant to 28 USC § 1367 for

pendent state law claims.

3.       Further, this court has jurisdiction to hear this bad faith debt collection claim though

based on a debt involved in bankruptcy pursuant to *Sears, Roebuck & Co. v. O'Brien*, 178 F.3d

962 (8th Cir.1999).

4.       Plaintiff Marvin Shane Blanchard is a natural person and resident of Dallas County,

Iowa. Mr. Blanchard is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is the

"debtor" as that term is defined by Iowa Code § 537.7102(6).

5.       Defendant Dorsey, Thornton & Associates, LLC (also "Dorsey, Thornton" or "DTA") at

all times relevant was a Georgia based company engaged, by use of mails and telephone in the

business of debt collecting from plaintiff in Iowa. At all times relevant DTA was a "debt

collector" as that term is defined by 15 U.S.C. § 1692a(6), and a "debt collector" as that term is

defined by Iowa Code § 537.7102(5).

6.     Defendant Michael Thornton is a natural person who at all times relevant herein was a principal owner of DTA and an officer, shareholder, member, manager, and or director of DTA. As such Mr. Thornton was responsible for the overall success of the company. Defendant Thornton is "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a "debt collector" as that term is defined by Iowa Code § 537.7102(5). Mr. Thornton materially participated in collecting debt by occupying a position of critical importance to defendant DTA's business. As a principal of the company he exercised control over the affairs of a debt collection business, was regularly engaged in the collection of debts through his involvement in DTA's affairs, and played a key role in maintaining and expanding DTA's debt collection activities throughout the time in question.

7.     Defendant Brittney Hall is a natural person who at all times relevant was an employee or authorized agent of DTA.  Further, Hall at all times relevant was a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a "debt collector" as that term is defined by Iowa Code § 537.7102(5). At all times relevant hereto Ms Hall materially participated in attempted collection on the Blanchard account by occupying a position of critical importance to defendant DTA's business as a manager, supervisor, employee or agent with responsibility for and knowledge of that account.

8.     Defendant Paula Williams is a natural person who at all times relevant was an employee or authorized agent of DTA.  Further, Williams at all times relevant was a "debt collector" as

3

that term is defined by 15 U.S.C. § 1692a(6), and a "debt collector" as that term is defined by Iowa Code § 537.7102(5). At all times relevant hereto Ms Williams materially participated in attempted collection on the Blanchard account by occupying a position of critical importance to defendant DTA's business as a manager, supervisor, employee or agent with responsibility for and knowledge of that account.

9.      Defendant Shinetta Terriquez is a natural person who at all times relevant was an employee or authorized agent of DTA.  Further, Terriquez at all times relevant was a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a "debt collector" as that term is defined by Iowa Code § 537.7102(5). At all times relevant hereto Ms Terriquez materially participated in attempted collection on the Blanchard account by occupying a position of critical importance to defendant DTA's business as a manager, supervisor, employee or agent with responsibility for and knowledge of that account.

10.     Defendant John Doe a/k/a "Agent Davis" is a natural person who at all times relevant was an employee or authorized agent of DTA.  Further, "Agent Davis" at all times relevant was a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a "debt collector" as that term is defined by Iowa Code § 537.7102(5). At all times relevant hereto "Agent Davis" materially participated in attempted collection on the Blanchard account by occupying a position of critical importance to defendant DTA's business as a manager, supervisor, employee or agent with responsibility for and knowledge of that account.

4

11.     Venue of this matter is proper in the United States District Court for the Southern

District of Iowa, Central Division, pursuant to 28 USC § 1391(b), as a substantial part of the

events or omissions giving rise to the claims set forth herein occurred in this judicial district.

Furthermore, the plaintiff resides in this district.


## COMMON ALLEGATIONS


### A.  Background


12.     On or before July 9, 2009,  Shane Blanchard incurred one or more financial obligations

that were primarily for personal, family or household purposes and therefore are "debt" as that

term is defined by 15 USC §1692a(5). These obligations are also "debts" as defined by Iowa

Code § 537.7102(3).


13.     On July 9, 2009, Shane Blanchard commenced a voluntary case under Chapter 7 of the

Bankruptcy Code, by filing a petition in the United States Bankruptcy Court for the Southern

District of Iowa, Central Division which was assigned Case No. 09-03305-7 in that court.


14.     The schedules filed in that case represented a good faith and diligent effort by Mr.

Blanchard to list the most recent addresses of all his known creditors and their respective agents

at the time of filing.


15.     On October 6, 2011 the court entered a Discharge of Debtor Order in Shane Blanchard's

bankruptcy case and it was closed on October 9, 2011.

**B. The Phone Calls**

16.     On October 28, 2010, three weeks after the plaintiff's successful bankruptcy case was

closed, the unwarranted and violative contacts began from the defendant. On that day a Dorsey,

Thornton agent placed an abusive telephone call to a Mr. Blanchard in an attempt to collect on a

debt the agent asserted that he owed. This call was a "communication" in an attempt to collect a

debt as that term is defined by 15 USC § 1692a(2).  This call was also a "debt collection" as

defined by Iowa Code § 537.7102(4).

17.     During the course of the call, Mr. Blanchard told the agent that he was represented by

counsel in a recently concluded bankruptcy proceeding, and attempted to relay the pertinent

contact information for that counsel to the agent. The plaintiff was told that "they [Dorsey,

Thornton] did not need to speak to a bankruptcy attorney" and that they will "prosecute" if he

did not pay.

18.     During the course of the call, Mr. Blanchard also requested verification of the alleged

debt. He was emailed a garbled transmission that included within its message a "Balance in Full

Offer" of $795.60. See Exhibit "A" which includes a copy of that email, is attached hereto and

by reference incorporated herein.

19.     On the following day, October 29, 2010, Mr. Blanchard received a second telephone call

from a Dorsey, Thornton agent in an attempt to collect on a debt the agent asserted that he owed.

This call was also a "communication" in an attempt to collect a debt as that term is defined by 15 USC § 1692a(2).  This call was also a "debt collection" as defined by Iowa Code § 537.7102(4).

20.     During the course of this call, again Mr. Blanchard told the agent that he was represented by counsel, and told the agent to contact that counsel. The plaintiff was told that "no" they will not contact his counsel, and instead Dorsey, Thornton "will proceed further".  At this point Mr. Blanchard "felt threatened and unsure what would happen to me."

21.     On or about November 8, staff from plaintiff's bankruptcy counsel office attempted to contact by telephone, agents for Dorsey, Thornton using contact information that Mr. Blanchard had obtained in his previous two calls from the defendant. The staff member was able to reach the collection agency's offices on November 11, and eventually spoke with an individual who identified themselves as "Agent Davis". He advised Agent Davis that Mr. Blanchard was represented by bankruptcy counsel and to stop calling him. Agent Davis told the staffer that she was not "allowed" to talk to a bankruptcy attorney regarding this debt "because this debt had nothing to do with bankruptcy". The staff member told the agent that it "has everything to do with bankruptcy because the debt had been included in bankruptcy" and this office had "directed client to send her [DTA] the discharge notice". Agent Davis told the staffer that she has not received any info. The staffer then asked Agent Davis to provide a way of being contacted so that this information could be faxed to her. The staffer reminded Agent Davis that he that been trying to contact DTA for three days with no success and that their voicemail system was not working. Further, the staffer asked Agent Davis to fax copies of all written communications and data related to the alleged debt of the plaintiff to counsel's offices, informing the agent that counsel's office will review and fax the discharge order of Mr. Blanchard. Agent Davis agreed

7

that she would fax over the relevant information to counsel's office, and was provided that contact information. To the date of this complaint neither this defendant nor any other has provided counsel's office with any information in this matter.

22.     On or about November 18, a DTA agent left a voice mail message for the plaintiff at his home phone number that he was being contacted about a "pending legal case", and demanding that the plaintiff or his attorney return the call.

.

23.     On or about November 29, a DTA agent left another voice mail message for the plaintiff at his home phone number that he was being contacted about a "pending legal case", and demanding that the plaintiff or his attorney call back.

24.     On or about January 29, 2011 the plaintiff indicated he was still receiving calls from the defendant, and that the defendant had recently left a voice mail with him that stated if they did not hear from him in 24 hours, then they will file suit.

25.     On or about February 14, 2011 the plaintiff received another call from DTA in which he was told that they were investigating a possible check fraud and felony claim against him. Further, when Mr. Blanchard gave the agent his counsel's contact information, the defendant told him that they did not need to contact a bankruptcy attorney since this was a felony and needed to be taken care of. Mr. Blanchard repeated the contact information for his counsel and hung up.

26.     On or about March 10, 2011 the plaintiff received another call from DTA in which he was told that they were investigating a possible check fraud claim against him

27.     On or about March 14, 2011 sometime in the evening the plaintiff received another call from DTA in an attempt to collect on his alleged debt.

28.     On or about March 27, 2011, a DTA agent left a voice mail message for the plaintiff on his cell phone number demanding that the plaintiff or his attorney call back.

29.     On or about April 14, 2011, a DTA agent left a voice mail message for the plaintiff on his cell phone number demanding that the plaintiff or his attorney call back.

30.     On or about April 19, 2011, a DTA agent left a voice mail message for the plaintiff on his cell phone number demanding that the plaintiff or his attorney call back.

31.     On or about May 23, 2011, a DTA agent contacted Mr. Blanchard by telephone on his cell number and informed the plaintiff that he was an "agent of the Fraud Agency". When the plaintiff told the agent to contact his counsel, and gave him the phone number for that counsel, he was asked if this was his bankruptcy attorney, Mr. Blanchard answered yes. The DTA agent then told the plaintiff that he did not need to speak to counsel. Mr. Blanchard then hung up.

32.     On or about June 8, 2011, a DTA agent left another voice mail message for the plaintiff on his cell phone number demanding that the plaintiff or his attorney return the call, and further that the plaintiff "was being investigated".

33.     On or about June 20, 2011, a DTA agent left another voice mail message for the plaintiff on his cell phone number demanding that the plaintiff or his attorney return the call, and again stated that the plaintiff "was being investigated".

34.     On or about July 21, 2011, a DTA agent left yet another voice mail message for the plaintiff on his cell phone number demanding that the plaintiff or his attorney call back, and repeated the statement that the plaintiff "was being investigated".

35.     Each and every communication with the plaintiff by the defendant was a "communication" in an attempt to collect a debt as that term is defined by 15 USC § 1692a(2). And, each and every communication with the plaintiff by the defendant was also a "debt collection" as defined by Iowa Code § 537.7102(4).


### C.     Dorsey, Thornton is an Established, Knowledgeable Debt Collector

36.     Dorsey, Thornton is a legal entity duly authorized to collect debt in the State of Iowa, and is an established debt collector with knowledge of federal and state debt collection laws, and bankruptcy rules and procedures.

37.     DTA has an obligation to comply with all applicable rules and statues of the FDCPA,  the IDCPA, and the US Bankruptcy Code when engaged as a debt collector in the state of Iowa.

38.      Each and every communication by Dorsey, Thornton, and that of its agents and

employees with the plaintiff as noted herein was willful, malicious, offensive, intrusive,

negligent, intentional, contrary to DTA's known obligations under the FDCPA, IDCPA, and US

Bankruptcy Code; and in total disregard for the rights of the plaintiff.


### CAUSES OF ACTION


### COUNT 1


### FEDERAL LAW  - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC § 1692 et seq. ("FDCPA")


Paragraphs 1 through 38 are incorporated herein by reference, and pleading further against

defendants Dorsey, Thornton, et al plaintiff states as follows:


39.      Congress enacted the FDCPA in March 1978. The Act promotes ethical business

practices by debt collectors. It establishes general standards of proscribed conduct, defines and

restricts abusive collection efforts, and provides specific rights for consumers. See National

Consumer Law Center, Fair Debt Collection (7th ed.1011), page 93; *Heintz v. Jenkins*, 514 U.S.

291 (1995).


40.      At 15 USC § 1692 in the Act it states, among other things that:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair
> debt collection practices by many debt collectors. Abusive debt collection

practices contribute to the number of personal bankruptcies, to marital instability, to loss of jobs, and to invasions of individual privacy.

…

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

…

[and]

(e) It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

41.    All of the above-described collection communications made to Blanchard by DTA, through its employees or agents, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 USC §§ 1692(b)(6), 1692c(a)(2), 1692d, 1692(e), 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1992e(11),1692f, and 1692g

42.    Neither Dorsey, Thornton, nor any of its agents or employees' actions described above are excepted from the requirements and restrictions of the FDCPA.

43.    Shane Blanchard has suffered humiliation, offense, intrusion, anxiety, fear, worry, loss of happiness, indignation, anger, embarrassment, surprise, emotional violation, emotional distress, and intimidation as a result of the actions of DTA and its agents and employees.

44.    As such the plaintiff is entitled to recovery from DTA and each of the other named defendants.

45.     **WHEREFORE,** pursuant to 15 USC §§ 1692(k), the plaintiff  respectfully requests damages and recovery in an amount that will reasonably compensate him for the said statutory violations, injuries and damages, attorney's fees, together with interest and costs, as permitted under law, and such other and further relief as the court may deem just and proper.

.

## COUNT 2

## FEDERAL LAW  - VIOLATION OF THE DISCHARGE INJUNCTION PROVISION OF THE US BANKRUPTCY CODE 11 USC § 524

46.     Paragraphs 1 through 45 are incorporated herein by reference, and pleading further against each and all defendants, plaintiff Shane Blanchard states as follows:

47.     Each of DTA's communications and communications by its agents or employees to the plaintiff set forth herein is an act to collect, assess, or recover claims against Mr. Blanchard that arose before the commencement of his bankruptcy case.

48.     Each of DTA's communications and communications by its agents or employees to Mr. Blanchard set forth herein took place after the entry of the Discharge Order for the plaintiff in his bankruptcy case.

49.     No defendant, nor any action by that defendant described above is excepted from the requirements and restrictions of the discharge injunction of the bankruptcy code.

50.     Each and every defendant's communication to Shane Blanchard as set forth herein was deliberate and made with knowledge of his bankruptcy case.

51.     DTA and its agents or employees actions are violations of the discharge injunction within the meaning of 11 USC § 524(a) (2).

52.     The plaintiff has suffered confusion, offense, intrusion, anxiety, fear, worry, loss of happiness, indignation, anger, surprise, and intimidation as a result of these actions.

53.     DTA and its agents and employees' violations of the discharge injunction are willful and the court upon concluding such may find the defendants or any of them in civil contempt. See the US Bankruptcy Court for the Northern District of Iowa case *In re Goodfellow, 298 B.R.358, 361*.

54.     Further, 11 USC § 105(a) empowers the court to issue any order or judgment that is necessary to carry out the provisions of this title, including 11 USC § 524 (a) (2).

55.     Punitive damages are appropriate in this case because of the on-going, continuous, intentional, and negligent pattern of willful violation of the permanent discharge injunction.

56.     **WHEREFORE**, the plaintiff respectfully requests that the court give such notice and hearing as it may direct, find the defendants in contempt, find that 11 USC § 524 (a) (2) applies, and pursuant to that statute and § 105(a) award actual damages -including costs and attorney's

14

fees, and punitive damages; order DTA and each and every defendant to cease and desist further communications with the plaintiff; and grant such other and further relief as the court may deem to be just and proper in the premises.

## COUNT 3

## STATE LAW - STATUTORY VIOLATIONS OF THE  IOWA DEBT COLLECTION PRACTICES ACT, IOWA CODE § 537.7101 et seq. ("IDCPA")

Paragraphs 1 through 56 of Counts 1 and 2 are incorporated herein by reference, and pleading further against defendants, plaintiff states as follows:

57.    The IDCPA was enacted to prevent abusive and harassing conduct by debt collectors without placing undue restrictions on nonviolators. See Note, *Debt Collection Practices: Iowa Remedies for Abuse of Debtor's Rights,* 68 Iowa Law Review 753, 772 (1983).

58.    Dorsey, Thornton and its agents and employees are  "debt collectors" as defined in the Iowa Debt Collection Practices Act, Iowa Code § 537.7102(5)

59.    Each telephone communication noted above was a "debt collection" as defined by Iowa Code § 537.7102(4).

60.     The defendants' unlawful and abusive communications were a prohibited debt collection practice as defined by Iowa Code §537.7103.1(f) in that the actions were violations of the FDCPA, the IDCPA, and the US Bankruptcy Code.

61.     The defendants' collection communications were also in violation of numerous and other provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1), 537.7103(2), 537.7103(3), and 537.7103(4).

62.     No defendants' act or omission as described above is excepted from the requirements and restrictions of the IDCPA.

63.     The plaintiff has suffered humiliation, offense, intrusion, anxiety, fear, worry, loss of happiness, indignation, anger, embarrassment, surprise, emotional violation, emotional distress, and intimidation as a result of these communications.

64.     As such the plaintiff is entitled to recovery from each defendant.

65.     **WHEREFORE**, pursuant to Iowa Code §537.5201.1 the plaintiff  respectfully requests damages and recovery in an amount that will reasonably compensate him for the said statutory violations, attorney's fees, together with interest and costs, as permitted under law, and such other and further relief as the court may deem just and proper.

.

**COUNT 4**

**STATE COMMON LAW VIOLATION – INTRUSION UPON PRIVACY**

Paragraphs 1 through 65 of Counts 1, 2, and 3 are incorporated herein by reference, and pleading further against defendants, plaintiff states as follows:

66.     The Iowa Supreme Court recognizes several tort actions grouped together under the title of invasion of privacy. Among these is the tort of intrusion upon privacy. See *Yoder v. Smith , 112 N.W. 2d 862 (Iowa 1962)* and *Winegard v. Larsen, 260 N.W. 2d 816 (Iowa 1977)*.

67.     Once the plaintiffs informed a DTA agent or employee that he was represented by an attorney, each of the subsequent telephone calls by a DTA agent or employee to the plaintiff was an act that constituted a highly offensive intrusion into the personal affairs of the plaintiff.

68.     The plaintiffs did not consent to these subsequent telephone calls and no defendant had any privilege to communicate directly with him.

69.     The plaintiff has suffered anxiety, offense, intrusion, fear, worry, loss of happiness, indignation, anger, embarrassment, surprise, emotional violation, and intimidation as a result of the defendants' actions.

70.     In addition, as a direct result of the defendants numerous and unlawful communications, the plaintiff has incurred the expense of employing counsel to protect his rights and prosecute these wrongdoings perpetrated against him.

71.     The defendants' actions rise to Iowa's common law definition of unlawful intrusion upon privacy.

72.     As such the plaintiff is entitled to recovery.

73    **WHEREFORE**, the plaintiff Shane Blanchard respectfully requests that the court give such notice and hearing as it may direct and grant the plaintiff the following relief:

A.    A finding that the defendants' actions rise to Iowa's common law definition of unlawful intrusion upon privacy, and that therefore all and each of the defendants have unlawfully invaded the privacy of the plaintiff;

B.    Sanctions, damages, attorney fees, and costs against all and each of the defendants for this unlawful and damaging intrusion upon privacy;

C.    Punitive damages to the plaintiff in order to prevent future conduct of this kind;

D.    Such other and further relief as the court may deem just and proper.

### RESPONDEAT SUPERIOR LIABILITY

74.    The acts and omissions of the individual or individuals involved in the telephone calls at issue in this matter, and any other individual employed by the defendant Dorsey, Thornton in the attempted collection of the alleged debt owed by Shane Blanchard were committed within the time and space limits of their agency relationship with their principal Dorsey, Thornton.

75.    Further, these acts and omissions were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Dorsey, Thornton in collecting debts.

76.     By committing these acts and omissions against the plaintiff, the individual or individuals involved in the telephone calls at issue in this matter, and any other individual employed as an agent by Dorsey, Thornton were motivated to benefit their principal, Dorsey, Thornton.

77.     Dorsey, Thornton is therefore liable to the plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal and state law by its employees or agents, including but not limited to violations of the Fair Debt Collection Practices Act, the US Bankruptcy Code, and the Iowa Debt Collection Practices Act, in their attempts to collect the alleged debt from Shane Blanchard.

## TRIAL BY JURY DEMAND

Pursuant to US Const. amend. 7 and Fed R Civ P 38 plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

by _____*/s/ Paul D. Gandy*_____

Paul D. Gandy
IS9999049
GANDY LAW OFFICES, P.C.
500 North 3rd St, Ste. 111
Fairfield, Iowa 52556
Telephone: (641) 472-7762
Facsimile: (641) 472-7732
E-mail: pgandy@gandylawoffices.com

ATTORNEY FOR PLAINTIFF

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF IOWA        )
                           ) ss

COUNTY OF DALLAS    )

Plaintiff Marvin Shane Blanchard, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any defendant(s), cause unnecessary delay to any defendant(s), or create a needless increase in the cost of litigation to any defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Marvin Shane Blanchard

Subscribed and sworn to before me
this 6th day of ~~August,~~ 2011.
        September 28

Notary Public

REBECCA SLATER
Commission Number 751082
My Commission Expires
February 7, 2014

20

**Kokou Dedoume**

| | | |
|---|---|---|
| **From:** | Shane Blanchard | @yahoo.com] |
| **Sent:** | Thursday, October 28, 2010 4:39 PM | |
| **To:** | kdedoume@gandylawoffices.com; pgandy@gandylawoffices.com | |
| **Subject:** | Fw: Balance in full offer | |
| **Attachments:** | BIFO Marvin Blanchard.mdi | |

**EXHIBIT**

A, pg 1 of 3

Here is what was sent to me from that Attourney I spoke to you on the phone earlier. Thanks

http://www.linkedin.com/in/sblanchard1974

--- On **Thu, 10/28/10, paula williams <*paula@dorseythornton.com*>** wrote:

> From: paula williams <paula@dorseythornton.com>
> Subject: Balance in full offer
> To: " @yahoo.com
> Cc: "processing department" <processing@dorseythornton.com>
> Date: Thursday, October 28, 2010, 2:51 PM
>
> Per your request, please review the attached document.
>
> Thanking you in advance
>
> Shinetta Terriquez

*Collection Agcy*

*tel 404 935 9490*

*Case # RW 13621*

11/8/2010

**EXHIBIT**

_A, pg 2 of 3_

™Á!3z"ŠÉ¬˜ÿTó°É@Ñø7ŸK2l2U}¥Þsâ¿¬āoEr†åí»äý<ÞÊåì&Ÿ_Ø_vQü hÞØã_,Düí=
    òf{l

ìdvǽÏ_Ë_Ô±gý Ÿ6öÄ

-O{ >~0_`7³3v˜!]Yû□"a‡ïù¾RvF6Û_%K

òÀ›

_˜ÿ'X__,_

FOR THAT PURPOSE. WE ARE A PROFESSIONAL DEBT ACQUISITION FIRM.

D

T

A

Dorsey, Thornton

& Associates

2484 Briarcliff Rd.,

Ste.

22-111

Atlanta,

GA 30329

Phone:

404-935-9490

Thursday, October 28, 2010

Marvin

Blanchard

195 Kaylin Dr

Waukee,

IA

50263

RE:

Balance

In Full Offer

Lender:

Quickast Cash Advance

Amount Due:

$795.60

Date of Notice:

10/28/2010

Case Number:

RW13621

NHIS MAY AFFECT YOUR CREDIT ORT

Dear

Marvin

Blanchard:

Our office

has assumed the responsibility of obtaining a final decision

regarding the above mentioned

account.

We are authorized to accept

a

payment

in full

on your account.

Per our conversation we are authorized to accept

the following terms

**EXHIBIT**

A, pg 3 of 3

of a one time
pay-off of
$795.60
good for
10/28/2010
on your account.
This is a
one
opportunity for you to uphold your legal
obligation in respects to your creditor.
If
for any reason the payment does not go through then this
agreement is null and void and appropriate actions will be taken.
Once the account has been satisfied
all credit bureaus will be notified of the status and updated
accordingly.
To speak with
representative
Agent Davis
, please contact this office
at
404-935-9474
.
Thanking you in advance,
Ms. Brittney Hall
Processing Department Manager
•oh•U_Ç¿gn³íî®

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | | |
|---|---|---|
| Marvin Shane Blanchard | ) | **CASE NO. 4:11-cv-00476-JEG-RAW** |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF NO ANSWER** |
| v. | ) | |
| Dorsey, Thornton & Associates, LLC et al | ) | **EXHIBIT** |
| Defendants. | | $\underline{2}$ |

STATE OF IOWA            )
                            ) ss.
COUNTY OF JEFFERSON   )

Paul D. Gandy, being first duly sworn and upon oath, states as follows:

1.      I am the attorney for the plaintiff in the above entitled action.

2.      The original Summons was issued by the office of the Clerk of Court on October 10, 2011.

3.      The Summons and Complaint in said action was duly served upon Michael Thornton, Authorized Agent for defendant Dorsey, Thornton & Associates, LLC on November 14, 2011.

4.      The time allowed by law to answer the complaint, specified in plaintiff's Summons, was

        twenty (20) days from the date of service.


5.      The time for defendant to answer the complaint in said action has elapsed.


6.      No answer has been received by or served upon the plaintiff or plaintiff's attorney.


Dated: _Dec 15, 2011_____.   _Paul D. Gandy_____
                                Paul D. Gandy, Esq.


Subscribed and sworn to before me
this 15 day of _DECEMBER_, 2011.

_Debra J. Drayfahl Roth_____
Notary Public


DEBRA J. DRAYFAHL ROTH
COMMISSION NO. 182302
MY COMMISSION EXPIRES
_11-29-13_

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | | |
|---|---|---|
| Marvin Shane Blanchard | ) | **CASE NO. 4:11-cv-00476-JEG-RAW** |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF NO ANSWER** |
| v. | ) | |
| Dorsey, Thornton & Associates, LLC et al | ) | **EXHIBIT** _3_ |
| Defendants. | | |

STATE OF IOWA          )
                       ) ss.
COUNTY OF JEFFERSON  )

Paul D. Gandy, being first duly sworn and upon oath, states as follows:

1.     I am the attorney for the plaintiff in the above entitled action.

2.     The original Summons was issued by the office of the Clerk of Court on October 10, 2011.

3.     The Summons and Complaint in said action was duly served upon Michael Thornton on November 14, 2011.

4.    The time allowed by law to answer the complaint, specified in plaintiff's Summons, was

twenty (20) days from the date of service.

5.    The time for defendant to answer the complaint in said action has elapsed.

6.    No answer has been received by or served upon the plaintiff or plaintiff's attorney.

Dated: *Dec 15, 2011* .    *Paul D. Gandy*
                                                    Paul D. Gandy, Esq.

Subscribed and sworn to before me
this *15* day of *DECEMBER*, 2011.

*Debra J. Drayfahl Roth*
Notary Public

NOTARIAL SEAL
IOWA
DEBRA J. DRAYFAHL ROTH
COMMISSION NO. 182302
MY COMMISSION EXPIRES
*11-29-13*