IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARVIN SHANE BLANCHARD,<br><br>    Plaintiff,<br><br>vs.<br><br>DORSEY, THORNTON & ASSOCIATES, LLC;<br>MICHAEL THORNTON; BRITTNEY HALL;<br>PAULA WILLIAMS; SHINETTA TERRIQUEZ;<br>and MARY DOE a/k/a AGENT DAVIS,<br><br>    Defendants. | No. 4:11-cv-00476 – JEG<br><br>O R D E R |

    This matter comes before the Court on motion filed by Plaintiff Marvin Blanchard (Plaintiff) for "default judgment" against Defendants Dorsey, Thornton & Associates, LLC, (DTA) and Michael Thornton (Thornton).

    On October 6, 2011, Plaintiff filed this action against six defendants alleging they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; the U.S. Bankruptcy Code, 11 U.S.C. § 524; the Iowa Debt Collections Practices Act, Iowa Code § 537.7103 et seq.; and Iowa common law right to privacy by attempting to collect a debt previously discharged in Plaintiff's Chapter 7 bankruptcy proceeding.

    On November 25, 2011, Plaintiff filed proof of service of summons upon DTA and Thornton. On December 15, 2011, Plaintiff filed the present Motion asserting that DTA and Thornton failed to timely answer or otherwise appear in this action. Plaintiff requests the entry of "default judgment" against DTA and Thornton and that "the court schedule and proceed with such referrals or hearings as needed to determine the amount of damages to be awarded in this case." Pl.'s Mot. 2, ECF No. 4. Attached to the Motion are affidavits attesting that service of summons was properly effected upon DTA and Thornton.

    Federal Rule of Civil Procedure 55(a) provides, "Entering a *Default*. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

failure is shown by affidavit or otherwise, the clerk must enter the party's *default*." (emphasis added). Thus, Plaintiff's motion for *default judgment* is premature because the "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) (internal quotation marks omitted); see generally 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

Accordingly, within fourteen (14) days from the date of this Order, Plaintiff shall file a motion for the entry of default against DTA and Thornton.[1] Once default has been entered by the Clerk of Court, Plaintiff may then file a separate motion for default judgment against DTA and Thornton supported by all necessary affidavits and documentation in accordance with Rule 55(b)(2).

The Court notes that the Complaint lists damages as "humiliation, offense, intrusion, anxiety, fear, worry, loss of happiness, indignation, anger, embarrassment, surprise, emotional violation, emotional distress, and intimidation." Compl. ¶ 43, ECF No. 1. The current motion purporting to be a motion for default judgment does not identify whether monetary or equitable relief is sought or affix a monetary value to the claims, but simply requests a hearing *to determine* damages. While Rule 55(b) allows for a hearing on the issue of damages, it does not require the Court to set one. See Stephenson v. El-Batrawi, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P.

---

[1] The Court is aware that in Mogler v. Haller, Harlan & Taylor et al., No. 3:10-cv-00166 – CRW - TJS, a case before other judges in this district, Plaintiff's counsel similarly moved for default judgment before moving for the entry of default. To avoid any unnecessary impairment to any ultimate judgment, the undersigned judge chooses to have this procedural misstep corrected rather than simply overlooked.

55(b)(2)(B)."). The Court recognizes that proving the emotional damages alleged in the Complaint may involve testimonial evidence to be presented at a hearing. However, in order for the Court to determine whether there is an allegation of damages sufficient to warrant a hearing, Plaintiff's motion for default judgment must inform the Court the remedies being sought. Thus, Plaintiff's motion for default judgment should detail the remedies sought, include evidence that supports those remedies, and identify other evidence, such as proposed testimonial evidence, that would be presented at a hearing. See generally Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001) (holding that on default judgment damages claims for an indefinite amount, the court accepts as true the factual allegations in the complaint except facts relating to the amount of damages; and affirming the denial of an award of damages on plaintiff's tortious interference claim because the damages alleged were "speculative and not proven by a fair preponderance of the evidence").

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012.

_____
JAMES E. GRITZNER, Chief Judge
U.S. DISTRICT COURT